# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEFANIE RIDGWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:10-cv-66 |
| vs. ) | |
| ) | |
| REGENT ASSET MANAGEMENT ) | |
| SOLUTIONS, INC., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, STEFANIE RIDGWAY, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, REGENT ASSET MANAGEMENT SOLUTIONS, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*., and the OCSPA, Ohio Rev. Code § 1345.01, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Lewis Center, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt.

6. On information and belief, Defendant is a corporation of the State of Colorado, which is licensed to do business in Ohio and which has its principal place of business in Denver, Colorado.

**COUNT I**

(Violation of the Fair Debt Collection Practices Act)

7. On or about August 20, 2009, Plaintiff began receiving telephone calls from representatives of Defendant, including but not limited to Erin (last name unknown), in regard to collection of the aforementioned alleged debt. The calls made by Defendant's representatives averaged more than ten a week. On at least on one occasion, Plaintiff was called by Defendant's representative prior to 8:00 a.m.

8. Defendant's representatives claimed to have an attorney on staff who could initiate legal proceedings against Plaintiff that would enable Defendant to begin garnishing Plaintiff's wages the very next day after a call was made if Plaintiff did not make payments on the alleged debt. On another occasion, Defendant's representative increased the amount of the alleged debt it was attempting to collect from Plaintiff from the amount it had previously been requesting.

9. Defendant never provided Plaintiff with the written notice which is required to be given by 15 U.S.C. § 1692g.

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Calling Plaintiff before 8:00 a.m., in violation of 15 U.S.C. § 1692c(a)(1);

    b. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass her, in violation of 15 U.S.C. § 1692d(5);

    c. Falsely representing the amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    d. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    e. Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages, where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    f. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    g. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(10);

      h.    Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a);

      i.    Participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b); and

      j.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, STEFANIE RIDGWAY, respectfully prays for a judgment as follows:

      a.    All actual compensatory damages suffered;

      b.    Statutory damages of $1,000.00 for each violation of the FDCPA;

      c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

12. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

13. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

14. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

15. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

16. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

17. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

18. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, STEFANIE RIDGWAY, respectfully prays for judgment against Defendant as follows:

    a. Three (3) times all actual damages suffered for each violation;

    b. All statutory damages to which Plaintiff is entitled for each violation;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for the trebling of any damages pursuant to Ohio Rev. Code § 1345.09 and any

5

issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
David@LuxenburgLevin.com